UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JARON YANCEY,                          )
                                       )
                    Petitioner,        )
                                       )
            v.                         )       No. 2:17-cv-00190-JMS-MJD
                                       )
SUPERINTENDENT,                        )
                                       )
                    Respondent.        )

**Entry Discussing Petition for Writ of Habeas
Corpus and Denying Certificate of Appealability**

For the reasons explained in this Entry, the petition of Jaron Yancey for a writ of habeas

corpus must be denied and the action dismissed with prejudice. In addition, the Court finds that a

certificate of appealability should not issue.

**Background**

An Indiana jury convicted Yancey in 2011 of dealing in cocaine as a Class A felony. His

conviction was affirmed in *Yancey v. State*, 972 N.E.2d 419 (Ind.Ct.App. 2012). No timely petition

to transfer was filed. On March 21, 2013, Yancey filed a petition for post-conviction relief. That

action remained pending until September 21, 2016. Applying the prison mailbox rule, this action

was then filed on April 25, 2017.

The State of Indiana, through Yancey's custodian, has opposed Yancey's petition for writ

of habeas corpus by arguing, among other things, that the petition was not timely filed and that

Yancey's habeas claims are not reviewable because he committed procedural default on them in the Indiana state courts.

## Discussion

### A. The Statute of Limitations

In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), revised several of the statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). One such provision provides:

> a state prisoner has one year to file a federal petition for habeas corpus relief, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

*Wood v. Milyard,* 132 S. Ct. 1826, 1831 (2012)(quoting 28 U.S.C. § 2244(d)(1)(A)).

The one-year period of limitations is the default provision by which the timeliness of a habeas petition is measured. *Johnson v. Robert*, 431 F.3d 992, 992 (7th Cir. 2005); *Johnson v. McBride*, 381 F.3d 587, 588–89 (7th Cir. 2004).

Yancey's conviction became final at the expiration of the 30-day period during which he could have filed a petition to transfer regarding the decision of the Indiana Court of Appeals in his direct appeal. This was September 7, 2012.

The AEDPA's limitations period is subject to statutory tolling. *See Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012). One such provision provides:

> "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day [v. McDonough*, 547 U.S. 198, 201 (2006)] (quoting 28 U.S.C. § 2244(d)(2)).

*Id.; see also Socha v. Boughton,* 763 F.3d 674, 682 (7th Cir. 2014).

The expanded record shows that Yancey's petition for post-conviction relief was filed on March 21, 2013, and that the post-conviction action was concluded on September 21, 2016. Yancey permitted 195 days to run between the date his conviction became final and the filing of his petition for post-conviction relief. He allowed a further 215 days to run between the date his action for post-conviction relief was no longer pending and the filing of his federal habeas petition. This was a total of 410 days, meaning that he filed the federal habeas petition 45 days after the expiration of the 1-year statute of limitations and this is the period of time by which the filing of the present action was untimely. Yancey offers no argument to rebut the conclusion supported by the foregoing: he filed the action after the expiration of the statute of limitations.

## B. Procedural Default

"Procedural default is a defense to federal habeas corpus review." *Oaks v. Pfister*, No. 15-2924, 2017 WL 2991742, at *2 (7th Cir. July 14, 2017)(citing *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)). A petitioner's claim can be procedurally defaulted if he fails to assert that claim throughout at least one complete round of state-court review. *Id.* (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That is the nature of Yancey's procedural default in the present case. Specifically, Yancey's habeas claims are the same arguments as had been presented in his direct appeal. But he failed to seek transfer as to that decision and that failure constituted his procedural default. *See Hough v. Anderson*, 272 F.3d 878, 892-93 (7th Cir. 2001) (petitioner's failure to present issue to Indiana Supreme Court constituted procedural default). His procedural default just described deprived the Indiana Supreme Court of the "'"opportunity to pass upon and correct" alleged violations of [Yancey's] federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "[T]he burden is on the petitioner

to raise his federal claim in the state court at a time when state procedural law permits its consideration on the merits. . . ." *Bell v. Cone,* 543 U.S. 447, 451 n.3 (2005). Yancey failed to meet that burden and now offers no reason whereby the Court could reach the merits of his habeas claims despite his procedural default.

### III. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). Yancey has encountered the hurdles produced by the 1-year statute of limitations and the doctrine of procedural default. "Statutes of limitations for collateral relief in federal court are part of the [AEDPA]." *Freeman v. Page*, 208 F.3d 572, 573 (7th Cir. 2000). As to the doctrine of procedural default, "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation[.]" *Coleman v. Thompson,* 501 U.S. 722, 731 (1991). He has not shown the existence of circumstances permitting him to overcome these hurdles and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **denied** without a decision being made as to the merits of his claims.

Judgment consistent with this Entry shall now issue.

### IV. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254 Proceedings,* and 28 U.S.C. § 2253(c), the Court finds that Yancey has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural

ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

IT IS SO ORDERED.

Date: 8/10/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JARON YANCEY
994480
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jesse R. Drum
INDIANA ATTORNEY GENERAL
jesse.drum@atg.in.gov